Sarah E. Josephson, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 'A' Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRUSTEES of the ALASKA TROWEL TRADES PENSION AND APPRENTICESHIP TRUST FUNDS, and the ALASKA LABORERS HEALTH AND SECURITY FUND,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>GENERAL CONCRETE, INC.,<br><br>　　　　　Defendant. | Case No. 3:05-CV-141-RRB |

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY
OF DEFAULT JUDGMENT PURSUANT TO CIVIL RULE 55(b)**

Defendant General Concrete, Inc., was signatory to a compliance agreement with the Operative Plasterers' and Cement Masons' Local No. 867. Exhibit 1. The compliance agreement requires contributions be paid pursuant to the terms of trust agreements ("Agreements") that pertain to health and security, pension, and apprenticeship benefits, and any other applicable trust funds as specified in the collective bargaining agreement ("CBA").

The agreements require defendant to report all hours worked by all covered employees and to make monetary contributions to the retirement accounts of the individuals covered, and to the health and security, and training and apprenticeship funds as set forth in the CBA and the Agreements. Exhibits 2 and 3. Plaintiff Trowel Trades Trust Funds requested an audit of

Memorandum in Support of Motion for Entry of Default Judgment　　　　　　　　　　　　　　　　Page 1 of 3
Case No. 3:05-CV-00141-TMB

defendant General Concrete, Inc.'s payroll records to determine the exact amount of defendant General Concrete Inc.'s liability to the funds, including its liability to the Laborers Health and Security Fund. The Trowel Trades are associated with the Laborers Health and Security Fund in that they receive health benefits through that fund. See Exhibit 1 which states in part:

> Section 3. Trust Fund Obligations: The undersigned Contractor agrees to make, and be responsible for, all contributions to all applicable Health and Welfare Trust Funds, Pension Trust Funds, Training Trust Funds, and any other applicable Trust Fund established by the terms and conditions of the Master Agreement incorporated herein, and the Contractor on behalf of itself, subcontractors, allies, joint ventures and/or partners further agrees to be bound by all of the terms and conditions of the Trust Agreements creating the respective Trust Funds and any amendments heretofore or hereafter adopted.

As reflected in the payroll examinations performed by Lockitch, Clements & Rice, attached hereto as Exhibits 4 and 5, General Concrete, Inc. failed to report 281 hours for the period of April 2003 and June through October 2003. As a result, General Concrete, Inc.'s delinquency owed to the Trowel Trades Trust Funds is $8,898.70, which sum includes amounts owed to the Laborers Health and Security Fund. As reflected in the spreadsheet attached hereto as Exhibit 6, this amount includes contributions owing in the amount of $3,161.28, liquidated damages in the amount of $185.92, interest at the rate of 10% per annum through May 1, 2006 in the amount of $731.50, and accounting fees in the amount of $4,820.00 for the audits of both the retirement plan and the health and welfare plan ($2,410.00 per audit conducted). *See Affidavits of Tana Hart and Thomas Frohlich*, attached hereto as Exhibits 7 and 8, respectively.

In addition to the foregoing amounts, General Concrete, Inc. owes $3,051.76 in liquidated damages to Trowel Trades Trust Funds for its failure to timely pay contributions owing for the period of May through June 2002, October 2002, April through June 2003, and August through October 2003. *See spreadsheet* attached hereto as Exhibit 9.

Due to the failure of General Concrete, Inc. to plead or otherwise defend this case, plaintiffs sought and obtained default against defendant General Concrete, Inc. on March 13, 2006.[1]  General Concrete, Inc. did not oppose entry of default and has not sought to set the default aside.  There is no just reason to delay entry of a default judgment against defendant General Concrete, Inc.  Delay in entry of default against defendant General Concrete, Inc. will prejudice the rights of plaintiffs to timely collect their damages.

For the above-stated reasons, the Court should enter the default judgment in favor of plaintiff Trustees of the Alaska Trowel Trades Pension and Apprenticeship Trust Funds, and the Alaska Laborers Health and Security Fund, pursuant to Fed. R. Civ. P. 55(b) in the amount of $11,950.46, plus interest accrued from May 1, 2006, and costs and attorney fees incurred in bringing this action.

DATED in Anchorage, Alaska this _____ day of May, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.
Attorneys for Plaintiffs

By: s/Sarah E. Josephson
Sarah E. Josephson
Jermain, Dunnagan & Owens
3000 A Street, Suite 300
Anchorage, AK  99503
(907) 563-8844
(907) 563-7322
sjosephson@jdolaw.com
ABA No. 9705017

---

[1] Plaintiffs' Motion for Entry of Default Judgment against defendant General Concrete, Inc. was based on defendant's failure to obtain counsel, plead in or otherwise defend this action as required by Local Rule 83.1(f)(2) and the Court's Order at Docket #4.  This litigation has been pending since late July 2005 with almost no action on the part of defendant and with defendant's non-compliance with the Court's order to retain counsel. *See* Docket #6.  Service was made by certified return receipt mail, restricted delivery, on defendant General Concrete, Inc. on July 22, 2005.  The time within which defendant General Concrete, Inc. could retain counsel and file a proper answer expired without such action by defendant and Entry of Default was entered on April 19, 2006 at Docket 12. *Id*.