Sarah E. Josephson, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 'A' Street, Suite 300
Anchorage, Alaska  99503
(907) 563-8844

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRUSTEES of the ALASKA TROWEL TRADES PENSION AND APPRENTICESHIP TRUST FUNDS, and the ALASKA LABORERS HEALTH AND SECURITY FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL CONCRETE, INC.,<br><br>Defendant. | Case No. 3:05-CV-141-RRB |

## MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES

The Alaska Trowel Trades Trust Funds brought this case against defendant General Concrete under Sections 502(g) and 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(g) and 1145 for failing to make benefit contributions as required by trust agreements.

Section 502(g)(2)(D) of ERISA provides that the court "shall award the plan reasonable attorney's fees and costs of the action, to be paid by the defendant. . . ." 29 U.S.C. § 1132(g)(2)(D); *see also Kemmis v. McGolddrick*, 706 F.2d 993, 997 (9th Cir. 1983), *after remand*, 767 F.2d 594 (9th Cir. 1985)(trustees as prevailing parties are entitled to mandatory

award of attorney's fees under Section 502(g)(2) of ERISA); *Operating Engineers Pension Trust v. Reed*, 726 F.2d 513, 514 (9th Cir. 1984)(same).  An award of attorney fees and costs is mandated by ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), if the trust is successful.

The Trust Agreements provide for recovery of fees incurred in pursuing collection against the employer.  *See* Exhibits 1 through 2 attached hereto.  Under the terms of the Trust Agreements, the plaintiffs are entitled to fees for their collection efforts.  Specifically, the Pension Trust Agreement provides that "…the employer shall be liable to pay the Fund a reasonable sum for attorney fees, together with an amount equal to all costs incurred by the Fund in bringing such legal action."  *See* Exhibit 1, at 2.  The Health and Security Fund provides similar language.  *See* Exhibit 2, at 2.

On May 17, 2006, the Court entered default judgment in favor of plaintiffs and against defendant, General Concrete.  Docket #20.  The Court is required to determine whether the number of hours expended was reasonable to the issues raised in the cause of action.  *O'Farrell v. Twin Brothers Meats, Inc.*, 889 F. Supp. 189, 192-93 (D. Pa. 1995); *New York State Teamsters Conference Pension and Retirement Fund v. Fratto Curbing Co., Inc.*, 875 F. Supp. 129, 131 (D.N.Y. 1995).

A total of 39.9 attorney hours, 17.3 paralegal hours and 1.8 law clerk hours were expended in obtaining the judgment against defendant, General Concrete, covering the delinquencies at issue, and were necessary for the successful prosecution of this case.  In connection with obtaining judgment on confession, plaintiffs' attorneys and paralegals were required to (a) investigate background facts; prepare various demands and correspondence; (b) review records and compute the status of the delinquency; (c) prepare and file a complaint; (d) conduct factual and legal research regarding coverage; (e) prepare and file an application for entry

of default judgment and a motion for default judgment; and (f) prepare and file a motion for attorneys' fees.  In addition, an extensive amount of time was spent trying to resolve this case with General Concrete.  *See* Affidavit of Sarah Josephson filed herewith**.**

Plaintiffs urge the Court to find that the number of hours expended by counsel and paralegals was reasonable. Counsel for plaintiffs billed at the hourly rate of $150.00 - $175.00.  *See* "Affidavit of Sarah Josephson" p. 2, ¶ 3, and "Copies of Bills re: General Concrete" attached as Exhibit 1 and filed herewith.  Paralegals billed at the rate of $95.00 – 110.00 per hour. *Id.* Plaintiffs request that the Court find these rates to be reasonable. *Twin Brothers Meats, supra.,* 889 F. Supp. at 193 (attorney/paralegal hourly rates between $90 and $180 reasonable).  Law Clerks are billed at the rate of $85.00 per hour.

Based upon the reasonable rates and reasonable hours, the plaintiff trust funds incurred $8,140.00 in fees while pursuing collection for the principal amount of $3,161.28 for unpaid contributions for April 2003 and June through October 2003, liquidated damages in the amount of $185.92, interest at the rate of 10% per annum through May 1, 2006, in the amount of $731.50, $4,820.00 for accounting services, $3,051.76 in liquidated damages for May through June 2002, October 2002, April through June 2003, and August through October 2004.

DATED in Anchorage, Alaska this 23rd day of May, 2006.

        JERMAIN, DUNNAGAN & OWENS, P.C.
        Attorneys for Plaintiffs

        By:     s/Sarah E. Josephson
              Sarah E. Josephson
              Jermain, Dunnagan & Owens
              3000 A Street, Suite 300
              Anchorage, AK  99503
              (907) 563-8844
              (907) 563-7322
              sjosephson@jdolaw.com
              ABA No. 9705017